IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GARY MACKEY**, | Case No. 3:13-cv-0065-AC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ISHWAR UTTAMCHANDANI**, et al., | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation ("F&R") in this case on June 30, 2014. Dkt. 32. Judge Acosta recommended that Plaintiff's motion for partial summary judgment be denied, Defendant JP Morgan Chase Bank N.A.'s ("Chase") motion for summary judgment be granted in part and denied in part, and Chase's motion for leave to supplement the record be denied as moot. With respect to Chase's motion for summary judgment, Judge Acosta recommended that Chase's motion be granted against Plaintiff's claim for negligence and two claims under the Fair Credit Reporting Act ("FCRA")

and denied with respect to Plaintiff's claim for declaratory relief based on the underlying

cognizable theories of relief of money had and received and conversion.[1]

The facts of this case were set out in Judge Acosta's F&R and shall not be repeated here.

In sum, this case involves fraudulent conduct by Ishwar Uttamcdhandani ("Ishwar"), who

managed real property owned by Plaintiff as Plaintiff's Trustee, sold that real property in 2005,

paid the proceeds of the sale of the real property to Washington Mutual Bank ("WaMu"),

Chase's predecessor-in-interest, and instructed WaMu to apply the proceeds to Ishwar's personal

debt with WaMu and not to Plaintiff's debt with WaMu secured by the real property. Ishwar's

fraudulent conduct was not discovered until 2009, when Chase began foreclosure proceedings on

Plaintiff's real property and discovered that the real property had been sold in 2005 and that the

proceeds had not been applied to the mortgage on the property, but instead to Ishwar's personal

loans.

## A.  Portions of the F&R to Which Chase Objected

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the

court shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Chase timely filed objections. Dkt. 34. Chase argues that Judge Acosta erred in finding a

cognizable theory of either money had and received or conversion. Chase argues that money had

and received requires that Chase have been "unjustly enriched" and Chase was not unjustly

---

[1] All defendants but Chase have been dismissed from this case. Plaintiff's claims for relief other than his negligence, FCRA, and Declaratory Judgment Act claims are asserted against defendants who have been dismissed and are not at issue in this motion.

enriched, and that conversion requires that Chase intentionally exercise dominion over Plaintiff's money and Chase is not doing so because that money was applied to Ishwar's personal loans years ago. The Court has reviewed *de novo* those portions of Judge Acosta's F&R, as well as Chase's objections and Plaintiff's response. The Court agrees with Judge Acosta's reasoning that there is a material issue of fact as to whether Chase's refusal to reapply the proceeds of the sale of Plaintiff's real property to Plaintiff's loan after Chase discovered that the proceeds had fraudulently been applied to Ishwar's personal loan is reasonable or just. Thus, the Court ADOPTS those portions of the F&R finding a cognizable theory of money had and received and conversion.

Chase also objects that a claim of money had and received is barred by the statute of limitations. Chase argues that the six-year statute of limitations begins to run on a claim for money had and received the date that payment is made, which in this case was 2005, more than six years before the complaint in this case was filed. This issue was not addressed in the F&R.

A claim for "[m]oney had and received 'is an action at law but is governed by equitable principles.'" *Angelini v. Delaney*, 156 Or. App. 293, 303 (1998) (quoting *Belmon Int'l, Inc. v. Am. Int'l Shoe Co.*, 313 Or. 112, 123 (1992)). The six-year statute of limitations for implied contract actions applies to a claim for money had and received. *Id*. When this type of claim accrues and the statute begins to run has only been analyzed in one Oregon case, *Angelini*. In that case, the court noted that "it is generally accepted that a claim for money had and received accrues, and the statute of limitations begins to run, when the party against whom the claim is asserted receives payment." *Id*. The court quoted 54 C.J.S. *Limitations of Actions* § 158 for this proposition ("Generally, where a person is obliged to pay money for which another is liable, or

pays it at the other's request, his right of action to recover it from the latter accrues, and the statute of limitations runs, from the time of payment.").

Both the Oregon Court of Appeals and the treatise on which it relied note that "generally" a cause of action for money had and received accrues at the time of payment. Further, both involve situations where the plaintiff seeking to recover the money is the one who made the actual payment. Thus, that plaintiff knows that the payment was made and it is equitable for the statute of limitations to begin to accrue at the time of payment. Here, Plaintiff did not know that a payment was made to WaMu in 2005. Plaintiff did not discover that a payment had been made until 2009.

A claim for money had and received is governed by equitable principles and the accrual for such a claim has not been definitively held by Oregon courts to be at the time the payment was made, regardless of circumstances. Because of this, and in light of the unique circumstances of this case in which Plaintiff did not make the payment or know about the payment when it was made, the Court finds that Plaintiff's claim for money had and received did not accrue until 2009, when Plaintiff (and Chase) discovered the fact of the fraudulent payment. Thus, a claim for money had and received is not time-barred and Plaintiff's declaratory judgment claim can proceed with money had and received as an underlying theory of recovery.

**B.  Portions of the F&R to Which No Party Objected**

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of

objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Acosta's F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS** Judge Acosta's Findings and Recommendation, Dkt. 32, as supplemented herein. Plaintiff's motion for partial summary judgment (Dkt. 5) is DENIED. Chase's motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Plaintiff's Fourth Claim for Relief for Negligence is dismissed with prejudice, Plaintiff's Seventh and Eighth Claims for Relief under the FCRA are dismissed without prejudice. Chase's motion for leave to supplement the summary judgment record (Dkt. 19) is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 1st day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge